IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CARLOS HERRERA,**

    **Plaintiff,**

        vs.                      1:13-cv-01176-MV/KBM

**NEW MEXICO CORRECTIONS
DEPARTMENT,
RANDY DORMAN, individually and in his
official capacity, MARY JANE CHAVEZ,
individually and in her official capacity, B.
GARRETT, individually and in his/her official
capacity, LIA ARCHULETA, individually and in
her official capacity, WARDEN ERASMO
BRAVO in his individual and official capacity,
GREGG MARCANTEL in his individual and
official capacity, and JOHN/JANE DOE
classification officer, individually and in his/her
official capacity,**

    **Defendants.**

## PLAINITFF'S FIRST AMENDED COMPLAINT

Plaintiff, Carlos Herrera, by and through his attorney, The Law Office of Frances Crockett, alleges and complains as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. At all times material herein, Plaintiff was an inmate incarcerated at the Guadalupe County Correctional Facility located in Santa Rosa, New Mexico.

2. Plaintiff is now incarcerated at the Penitentiary of New Mexico located in Santa Fe, New Mexico.

3. Defendant, New Mexico Corrections Department, is a governmental entity organized and operating subject to the laws of the State of New Mexico and the Federal Government.

4.      Gregg Marcantel (hereinafter "Defendant Marcantel") was, at all relevant times, the Director of the New Mexico Corrections Department (hereinafter "NMCD") and was directly responsible for carrying out lawful sentences imposed on persons remanded to the NMCD for incarceration by the New Mexico state court system, and to release all prisoners upon the end of their sentences.

5.      Upon information and belief, Defendant Randy Dorman (hereinafter "Defendant Dorman") is and was the advanced records coordinator and classification officer employed by the New Mexico Corrections Department at all times material to this complaint.

6.      Upon information and belief, Defendant Mary Jane Chavez (hereinafter "Defendant Chavez") is and was a classification officer employed by Guadalupe County Correctional Facility (hereinafter "GCCF") at all times material to this complaint.

7.      Upon information and belief, Warden Erasmo Bravo (hereinafter "Defendant Bravo") was the warden of GCCF at all times material to this complaint.

8.      Upon information and belief, Defendant B. Garett (hereinafter "Defendant Garrett") is and was a classification officer employed by the New Mexico Corrections Department at all times material to this complaint.

9.      Upon information and belief, Defendant Lia Archuleta (hereinafter "Defendant Archuleta") is and was a classification officer employed by the New Mexico Corrections Department at all times material to this complaint.

10.     Upon information and belief, Defendant John/Jane Doe (hereinafter "Defendant Doe") is and was a classification officer employed by the New Mexico Corrections Department at all times material to this complaint.

11.     Immunity is waived for the actions described herein under Sections 41-4-6 (operation or maintenance of any building, machinery, or equipment) and 41-4-12 (deprivation of rights under state and federal constitution).

12.     This is a civil action brought pursuant to 42 U.S.C. § 1983 in order to obtain declaratory relief and monetary damages as a result of the Defendants having unlawfully constrained the Plaintiff of his liberty by keeping him in custody for 137 days beyond when his incarceration should have terminated.

13.     This Court has jurisdiction over these issues pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343(a)(3) (42 U.S.C. §1983 jurisdiction).

14.     Given the above, jurisdiction and venue are proper.

## II. FACTUAL BACKGROUND

15.     Mr. Herrera was charged in case number CR-2006-00417 and CR-2005-001626 ("charges").

16.     Defendants constructed Mr. Herrera's file to reflect the charges to run consecutively to each other.

17.     However, the crimes committed in CR-2006-00417 were committed before the conviction and sentence in CR-2005-001626 and as such the charges should have run concurrent.

18.     Mr. Herrera was supposed to be released on April 9, 2012, but he was not released until August 24, 2012.

19.     While incarcerated at GCCF Mr. Herrera informed Defendant Mary Jane Chavez of the aforementioned and requested that the warden be notified however, he was still not released.

20.     Upon information and belief, Defendant Chavez notified the warden of Mr. Herrera's complaint regarding being held past his release date as mandated by law.

21.     According to documents obtained by the Corrections Department ("NMCD"), NMCD employees Randy Dorman, Lia Archuleta, and B. Garrett all participated in the calculations of time and the certification of Mr. Herrera's time while he was incarcerated and should have known that the charges were to run concurrent.

22.     All of the persons who were notified by Mr. Herrera were deliberately indifferent to the complaints of Mr. Herrera and deliberately and intentionally ignored and miscalculated Mr. Herrera's release date.

23.     As a result of the aforementioned, Mr. Herrera served 137 days beyond when his incarceration should have terminated.

24.     Mr. Herrera's Judgment and Sentence ("J&S") documents were all readily available by the Defendants.

25.     Defendants are responsible for the J&S interpretation and certification as well as any audits regarding Mr. Herrera's time while he is in Defendants' custody.

### III. CLAIMS FOR RELIEF

#### FIRST CLAIM FOR RELIEF- (§1983 EIGHTH AMENDMENT VIOLATION-CRUEL AND UNUSUAL PUNISHMENT  1)

26.     Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

27.     By Defendants' deliberate indifference in failing to properly calculate Mr.

---

1 "Imprisonment beyond one's term can constitute cruel and unusual punishment for purposes of the Eighth Amendment." *Mitchell v. New Mexico Dep't of Corr.,* 996 F.2d 311 (10th Cir. 1993).

Herrera's sentence and release Mr. Herrera from incarceration on April 9, 2012, Defendants' were responsible for Mr. Herrera's having been restrained of his liberty by Defendants' supervision for 137 days beyond the date on which the law required his incarceration to terminate, in violation of Mr. Herrera's right to be free from cruel and unusual punishment, guaranteed by the Eighth Amendment to the United States and New Mexico Constitution.

### SECOND CLAIM FOR RELIEF- (§1983 FOURTEENTH AMENDMENT VIOLATION 2 -LOSS OF LIBERTY WITHOUT DUE PROCESS OF LAW)

28.     Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

29.     By requiring that Mr. Herrera submit to infringements on his liberty beyond the proper conclusion of his sentence, Defendants were responsible for Mr. Herrera having been deprived of his liberty without due process of law, in violation of his rights under the Fourteenth Amendment to the United States and New Mexico Constitution.

### THIRD CLAIM FOR RELIEF- (§1983 FOURTH AMENDMENT VIOLATION -ILLEGAL SEIZURE)

30.     Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

31.     By requiring that Mr. Herrera remain in custody beyond the proper conclusion of his sentence, Defendants were responsible for Mr. Herrera having been deprived of his right to be free from illegal seizures of his person in violation of his rights under the Fourth Amendment to the United States and New Mexico Constitution.

---

2 "[C]ontinued detention in the face of repeated protests will deprive the accused of liberty without due process." *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

### FOURTH CLAIM FOR RELIEF- (STATE TORT CLAIMS - FALSE IMPRISONMENT AND FALSE ARREST)

32. Plaintiff hereby incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

33. The actions of Defendants were not justified or privileged under state law.

34. By requiring that Mr. Herrera remain in custody beyond the proper conclusion of his sentence, Defendants falsely imprisoned, seized Plaintiff, and deprived Plaintiff of rights, privileges and immunities secured as a matter of State and Federal Constitution.

35. Defendants' detention of Plaintiff constitutes false arrest and false imprisonment.

### IV. DAMAGES.

36. Plaintiff hereby incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

37. As a direct and proximate result of the Defendants' conduct set forth above, Plaintiff suffered and sustained loss of liberty, economic losses, pain and suffering, mental distress, anxiety, and emotional suffering, and other damages for which he should be compensated in an amount deemed just by the Court.

38. As a result of his overdetneiton, Plaintff missed valuable time that he could have spent with his family.

39. Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

40. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

7

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.Judgment against Defendants on all claims;

B.Monetary damages, including punitive damages, in an amount to be determined at trial;

C.An award of his attorneys' fees, costs, and expenses in bringing this lawsuit; and

D.All other relief that law and justice require.

Respectfully submitted,

LAW OFFICE OF FRANCES CROCKETT

_____
Frances Carpenter
*Attorney for Plaintiff*
118 Wellesley Drive SE
Albuquerque, NM 87106
Phone: (505) 314-8883
Fax: (505) 2635-1319

I hereby certify that a true and correct copy of the foregoing was served via the CM/ECF filing system this 20th day do January, 2014.

_____
Frances Carpenter