IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS HERRERA,

      Plaintiff,

  v.                                                   Civil No. 13-1176 MV/SCY

RANDY DORMAN, individually and in his official
Capacity, MARY JANE CHAVEZ, individually
and in her official capacity, B. GARRETT, individually
and in his/her official capacity, LIA ARCHULETA,
individually and in her official capacity,
WARDEN ERASO BRAVO in his individual and
official capacity, GREGG MARCANTEL in his
individual and official capacity, and JOHN/JANE DOE
classification officer, individually and in his/her official capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Chavez's and Defendant Bravo's Motion for Summary Judgment and Memorandum of Law in Support [Doc. 37]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

### BACKGROUND

Plaintiff contends that he was held in custody in connection with two state cases longer than he should have been, because Defendants calculated his sentences in those cases to run consecutively rather than currently. As a result of his allegedly improperly continued incarceration, Plaintiff commenced the instant action, and filed his Second Amended Complaint ("Complaint") on September 3, 2014. Doc. 72. The Complaint sets forth two claims pursuant to 42 U.S.C. Section 1983, alleging violations of Plaintiff's Eighth Amendment rights (Count 1) and

Fourteenth Amendment procedural due process rights (Count 2).  In the Complaint, Plaintiff alleges that Defendants "constructed" Plaintiff's file such that the sentences he received in connection with two state cases ran consecutively rather than concurrently.  *Id.* ¶¶ 13-15. Plaintiff alleges that he served [] 137 days "beyond when his incarceration should have terminated."  *Id.* ¶ 33.

In 2012, the New Mexico Corrections Department conducted a statewide audit.  In connection with the audit, Defendant Randy Dorman was called upon to review Plaintiff's file. Dorman reached the following conclusion:

> State wide audit conducted and reviewed on 8-23-2012, determined that [Defendant's second case] should have run concurrently with [Defendant's first case].  File was constructed to reflect these charges running consecutively to each, upon further review it was determined that the crimes committed in the [second case] were committed BEFORE the conviction and sentence in [the first case], therefor making the terms concurrent.  Herrera should have been released on 4-9-2012 and was released on 8-24-2012 to new charges pending and a probation violation case.

Doc. 40-1.

There is no evidence in the record that the convictions or sentences at issue in the Complaint were reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Although Plaintiff is no longer serving either of the sentences at issue in the Complaint, he was not released from custody after completion of those sentences, but rather was kept continuously in the custody of the NMCD in connection with a separate conviction.  To date, Plaintiff remains in the custody of the NMCD.

**STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1290 (10th Cir. 1999). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993) (citations omitted). The moving party need not negate the nonmovant's claim, but rather must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its initial burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted). The nonmoving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment, *see Pueblo v. Neighborhood Health Ctrs., Inc.*, 847 F.2d 642, 649 (10th Cir. 1988), but rather must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citation omitted).

Upon a motion for summary judgment, the Court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be

drawn from the evidence." *Kaus v. Standard Ins. Co.*, 985 F. Supp. 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998). If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law. *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

## DISCUSSION

Plaintiff has filed a Section 1983 action seeking damages for the alleged violation of his constitutional rights as a result of Defendants' miscalculation of his sentences. Defendants Chavez and Bravo argue that Plaintiff's action is not cognizable under Section 1983, and thus should be dismissed. As set forth herein, the Court agrees with Defendants.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus . . . and a complaint under . . . § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . .; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* "Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement." *Id.* at 750-51.

In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court "held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Id.* at 751. Thus, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. "A claim for damages that has *not* been so invalidated is not cognizable under § 1983." *Id.* (emphasis in original).

In *Heck* and its progeny, the Supreme Court "has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasis in original). "These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82 (emphasis in original).

In his instant Section 1983 action, Plaintiff claims that Defendants miscalculated his total prison term in violation of his constitutional rights, by running two of his sentences consecutively rather than concurrently. According to Plaintiff, he was unconstitutionally over-detained as a result of Defendants' miscalculation. A judgment in Plaintiff's favor on his claims would necessarily demonstrate the invalidity of the duration of his confinement. Accordingly, absent prior invalidation, his Section 1983 action is barred. *Anderson v. Bruce*, 28 F. App'x 786, 2001 WL 1345101 (10th Cir. Nov. 1, 2001) (where state prisoner filed suit under Section 1983 claiming state department of corrections miscalculated his total prison term in violation of his constitutional rights, Tenth Circuit held that plaintiff was impliedly challenging the validation of his

incarceration, and thus was required to first obtain a favorable decision in state court or in federal habeas proceedings on the incarceration issue he sought to challenge); *Frey v. Adams Cnty. Court Servs.*, 267 F. App'x 811, 2008 WL 598274 (10th Cir. Mar. 4, 2008) (where state prisoner filed suit under Section 1983 seeking damages because his sentences should have been served concurrently rather than consecutively, Tenth Circuit held that plaintiff had no cause of action until he obtained relief from the sentence); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (challenge to consecutive sentences barred by *Heck* as challenge to sentence's duration).

Plaintiff argues that, for three reasons, his Section 1983 action is not barred. First, Plaintiff argues that because he is not challenging his conviction or sentence, but rather is asking for compensation for damages sustained as a result of his over-detention, *Heck* is inapposite. Doc. 40 at 4. The Supreme Court, however, has clearly considered and rejected this argument. Indeed, the Supreme Court has made clear that the relief sought (damages or equitable relief) is of no moment; where, as here, a plaintiff seeks to invalidate the duration of his confinement *indirectly* through a judicial determination that would necessarily imply the unlawfulness of his state custody, absent prior invalidation, his Section 1983 claim is barred. *Wilkinson*, 544 U.S. at 81-82.

Next, Plaintiff argues that his prior sentence was in fact invalidated, and that his Section 1983 action thus is cognizable. Specifically, Plaintiff points to the state-wide audit pursuant to which Defendant Dorman concluded that Plaintiff's sentences should have been calculated to run concurrently, and that Plaintiff should have been released on April 9, 2012, rather than on August 24, 2012. Dorman's determination and any attendant correction by Defendants to the calculation of Plaintiff's sentence, however, is not the sort of "invalidation" contemplated by the Supreme Court. Rather, the Supreme Court made clear that, in order to have a cognizable Section 1983 claim, a plaintiff must prove that the challenged sentence "has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.   Any claim for damages "that has *not* been so invalidated is not cognizable under § 1983."  *Id.* (emphasis in original).   Here, Plaintiff has presented no evidence to show that his sentence was invalidated by any of the means enumerated by the Supreme Court. Accordingly, his damages claims are not cognizable under Section 1983.  *Anderson*, 28 F. App'x at 788 (holding that because the plaintiff had not "first obtained a favorable decision in state court or in federal habeas proceedings on the . . . incarceration issue he [sought] to challenge," his damages claims were not cognizable under Section 1983).

Finally, Plaintiff argues that because he is no longer in custody in connection with the sentences he seeks to challenge, he has no available habeas corpus remedy, and thus *Heck* does not bar his claims.   Plaintiff is correct that, under Tenth Circuit law, "a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim."   *Cohen v. Longshore*, 621 F.3d 1131, 1317 (10th Cir. 2010).   The Court, however, does not agree that Plaintiff has no available remedy in habeas.

In *Garlotte v. Fordice*, 515 U.S. 39 (1995), the Supreme Court explained that, to petition a federal court for habeas corpus relief from a state conviction, the plaintiff must be "in custody in violation of the Constitution or laws or treaties of the United States."   *Id.* at 40 (citing 28 U.S.C. § 2254(a)).   The Supreme Court went on to conclude that "a person incarcerated under consecutive sentences remains 'in custody' under a sentence that (1) has been completed in terms of prison time served, but (2) continues to postpone the prisoner's date of potential release."   *Id.* at 42. Because the Court does not "disaggregate" a prisoner's sentences, but rather "comprehend[s] them as composing a continuous stream," a plaintiff "remains 'in custody' under all of his sentences

7

until all are served," and may attack a sentence "already served."  *Id.* at 41; *see also* NMSA 1978, § 33-2-39 ("Whenever any convict shall have been committed under several convictions with separate sentences, they shall be construed as one continuous sentence for the full length of the sentences combined.").

   Here, it is undisputed that Plaintiff remained incarcerated after he served the sentences at issue in this action.   Specifically, although he was released from his custodial obligations in connection with the challenged sentences on August 24, 2012, he was not released from custody but rather "released to new charges pending and a probation violation case."   Doc. 40-1.   Plaintiff thus continues to serve a "continuous stream" or "one continuous sentence" in the custody of the NMCD.   Under *Garlotte*, Plaintiff is "in custody" for purposes of habeas relief.   Because Plaintiff continues to have an available remedy in habeas, *Heck* bars him from pursuing his Section 1983 claim.

## CONCLUSION

   Because a judgment in Plaintiff's favor on his claims would necessarily demonstrate the invalidity of the duration of his confinement, and because the sentences Plaintiff seeks to challenge have not be invalidated, his claims are not cognizable under Section 1983.   Because his claims are not cognizable under Section 1983, his instant Section 1983 action should be dismissed.   *Edwards v. Balisok*, 520 U.S. 641, 649 (1997) (holding that it was error for district court to stay Section 1983 action pending exhaustion of state remedies rather than to dismiss it).

   **IT IS THEREFORE ORDERED** that Defendant Chavez's and Defendant Bravo's Motion for Summary Judgment and Memorandum of Law in Support [Doc. 37] is granted.

DATED this 24th day of March, 2015.

_____
MARTHA VAZQUEZ
United States District Judge