IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS HERRERA,

       Plaintiff,

                                             Civil No. 13-1176 MV/SCY

    v.

RANDY DORMAN, individually and in his official
Capacity, MARY JANE CHAVEZ, individually
and in her official capacity, B. GARRETT, individually
and in his/her official capacity, LIA ARCHULETA,
individually and in her official capacity,
WARDEN ERASMO BRAVO in his individual and
official capacity, GREGG MARCANTEL in his
individual and official capacity, and JOHN/JANE DOE
classification officer, individually and in his/her official capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Opposed Motion for

Reconsideration of the Court's Memorandum Opinion Granting Defendant's Motion for Summary

Judgment ("Motion for Reconsideration") [Doc. 112].   The Court, having considered the motion,

briefs, relevant law and being otherwise fully informed, finds that the Motion is not well-taken and

will be denied.

## BACKGROUND

In this Section 1983 action, Plaintiff claims that Defendants miscalculated his total prison

term in violation of his constitutional rights, by running sentences he received in a 2005 state case

and a 2006 state case consecutively rather than currently.   According to Plaintiff, he was

unconstitutionally over-detained as a result of Defendants' miscalculation.   In support of his

position, Plaintiff cites to a conclusion reached by Defendant Randy Dorman who, upon reviewing

Plaintiff's file, determined that Plaintiff "should have been released on 4-9-2012 and was released on 8-24-2012 to new charges pending and a probation violation case."   Doc. 40-1.

Plaintiff was incarcerated in connection with the two state cases at issue until March 26, 2011, when he was released on parole.   While on parole, on August 10, 2011, Plaintiff was arrested for burglary, and on that date was returned to the Dona Ana County Detention Center. From August 10, 2011, to the present time, Plaintiff has remained incarcerated at various county detention centers, state correctional facilities, and state penitentiaries in New Mexico.

On April 4, 2014, Defendants Mary Jane Chavez and Warden Erasmo Bravo filed a Motion for Summary Judgment, arguing that Plaintiff's action should be dismissed under *Heck v. Humprey*, 512 U.S. 477 (1994).   The motion was adopted by reference by Defendants Dorman and Lia Archuleta, and opposed by Plaintiff.   In a Memorandum Opinion and Order entered on March 24, 2015 ("March 24, 2015 Opinion"), the Court agreed with Defendants that, under *Heck*, Plaintiff's claims are not cognizable under Section 1983 and accordingly, the instant Section 1983 action should be dismissed.   On his Motion for Reconsideration, Plaintiff asks the Court to reconsider that determination, and vacate its decision granting summary judgment in favor of Defendants.   Doc. 112.

## STANDARD

Plaintiff indicates that he brings his Motion for Reconsideration pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure.   "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'"   *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).   Rather, the Rules allow a party against whom an adverse judgment has been rendered to file either a motion to alter or amend the judgment pursuant to Rule 59(e), or a motion seeking relief from the judgment pursuant to Rule 60(b).   *See id.*   Further, when a party seeks to obtain

2

reconsideration of a non-final order, the motion is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 983 F.2d 1120, 1122 n.1 (10th Cir. 1991).

Whether brought before or after a final judgment, and whether characterized as a Rule 59 or a Rule 60 motion, a motion to reconsider is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).   Accordingly, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Under Rule 59(e), a party may file a motion to alter or amend a judgment within 28 days of entry of that judgment.   Fed. R. Civ. P. 59(e).   "The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence." *Monge v. RG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. Dec. 7, 2012) (citation omitted); *Phelps v. Hamilton*, 122 F.3d 1517, 1523 (10th Cir. 1997) (citation omitted).   Thus, a Rule 59(e) motion may be granted where "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012.

Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six enumerated reasons.   Fed. R. Civ. P. 60(b).   In particular, the Court may grant relief pursuant to Rule 60(b) in cases of "mistake, inadvertence, surprise, or excusable neglect," where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial," or for "any other reason that justifies relief."   Fed. R. Civ. P. 60(b)(1), (2), (6).   Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances."

3

*Servants of the Paraclete*, 204 F.3d at 1009.   "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004).

## DISCUSSION

On the instant Motion for Reconsideration, Plaintiff argues that the Court misapprehended the controlling law and certain facts in determining that Plaintiff's claims are not cognizable under Section 1983 and thus subject to dismissal.   In the March 24, 2015 Opinion, the Court explained that, under *Heck*, "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004).   Thus, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.   "A claim for damages that has *not* been so invalidated is not cognizable under § 1983." *Id.* (emphasis in original).

Applying these principles to the instant case, the Court explained that because a judgment in Plaintiff's favor on his claims of unconstitutional over-detention (as a result of Defendants' miscalculation of his total prison term) would necessarily demonstrate the invalidity of the duration of his confinement, absent prior invalidation, his Section 1983 action is barred.   The Court then went on to address Plaintiff's three specific arguments as to why *Heck* does not bar his Section 1983 claim.   First, Plaintiff argued that because he is not challenging his conviction or

4

sentence, but rather is asking for compensation for damages sustained as a result of his over-detention, *Heck* is inapposite.   The Court explained that the Supreme Court has clearly considered and rejected that argument.

Next, Plaintiff argued that his prior sentence was in fact invalidated, and that his Section 1983 action thus is cognizable.   Plaintiff based this argument on the state-wide audit pursuant to which Dorman concluded that Plaintiff's sentences should have been calculated to run concurrently, and that Plaintiff should have been released on April 9, 2012, rather than on August 24, 2012.   The Court explained that Dorman's determination and any attendant correction by Defendants to the calculation of Plaintiff's sentence, however, is not the sort of "invalidation" contemplated by the Supreme Court.   Rather, the Supreme Court made clear that, in order to have a cognizable Section 1983 claim, a plaintiff must prove that the challenged sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."   *Heck*, 512 U.S. at 487.   Any claim for damages "that has *not* been so invalidated is not cognizable under § 1983."   *Id.* (emphasis in original).   Here, the Court explained, Plaintiff presented no evidence to show that his sentence was invalidated by any of the means enumerated by the Supreme Court.

Third, Plaintiff argued that because he is no longer in custody in connection with the sentences he seeks to challenge, he has no available habeas corpus remedy, and thus *Heck* does not bar his claims.   The Court agreed with Plaintiff that, under Tenth Circuit law, "a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim."   *Cohen v. Longshore*, 621 F.3d 1131, 1317 (10th Cir. 2010).   The Court, however, disagreed that Plaintiff has no available remedy in habeas.   Specifically, the

5

Court stated:

> In *Garlotte v. Fordice*, 515 U.S. 39 (1995), the Supreme Court explained that, to petition a federal court for habeas corpus relief from a state conviction, the plaintiff must be "in custody in violation of the Constitution or laws or treaties of the United States."   *Id.* at 40 (citing 28 U.S.C. § 2254(a)).   The Supreme Court went on to conclude that "a person incarcerated under consecutive sentences remains 'in custody' under a sentence that (1) has been completed in terms of prison time served, but (2) continues to postpone the prisoner's date of potential release."   *Id.* at 42.   Because the Court does not "disaggregate" a prisoner's sentences, but rather "comprehend[s] them as composing a continuous stream," a plaintiff "remains 'in custody' under all of his sentences until all are served," and may attack a sentence "already served."   *Id.* at 41; *see also* NMSA 1978, § 33-2-39 ("Whenever any convict shall have been committed under several convictions with separate sentences, they shall be construed as one continuous sentence for the full length of the sentences combined.").
>
> Here, it is undisputed that Plaintiff remained incarcerated after he served the sentences at issue in this action.   Specifically, although he was released from his custodial obligations in connection with the challenged sentences on August 24, 2012, he was not released from custody but rather "released to new charges pending and a probation violation case."   Doc. 40-1.   Plaintiff thus continues to serve a "continuous stream" or "one continuous sentence" in the custody of the NMCD.   Under *Garlotte*, Plaintiff is "in custody" for purposes of habeas relief. Because Plaintiff continues to have an available remedy in habeas, *Heck* bars him from pursuing his Section 1983 claim.

Doc. 111 at 7-8.

It is this final conclusion, namely, that Plaintiff remains in custody and thus continues to have an available remedy in habeas, with which Plaintiff takes issue on his Motion for Reconsideration.   Specifically, Plaintiff argues that "the Court's reasoning and holding "is in direct opposition to controlling case law."   Doc. 112 at 3.

In support of his argument, Plaintiff first cites to *Mays v. Dinwiddie*, 580 F.3d 1136 (10th Cir. 2009).   According to Plaintiff, under *Mays*, the *Garlotte* rule does not apply here, because Plaintiff's charges were to run concurrently, and as of April 9, 2012 those charges were expired, despite Plaintiff not being released until August 24, 2012.   Doc. 112 at 6.   The Court does not

agree that the holding of *Mays* leads to this conclusion.

In *Mays*, in connection with a 2001 conviction for second-degree burglary, the defendant was sentenced to 10 years imprisonment, with all but the first five years of that term suspended. Defendant served part of his sentence and was conditionally released from prison.   On January 27, 2005, the state filed an application to revoke the suspended part of his sentence, alleging that the defendant had committed several new crimes, as set forth in a separate criminal case filed in 2004.   In the 2004 case, the state charged the defendant with two counts of shooting with intent to kill, assault and battery, and possession of a firearm.   In March 2005, the court held a hearing on the state's application to revoke, found that the defendant had violated the terms and conditions of his suspended sentence, and returned the defendant to the custody of the department of corrections to serve the remainder of his sentence.

Thereafter, in April 2005, a jury convicted the defendant on the four new charges.   The court sentenced him, and ordered that the four counts be served consecutively with one another but concurrently with the remaining sentence on the burglary charge.   On January 25, 2007, the defendant fully discharged the sentence in the burglary case, completing the part of the sentence that had been previously suspended, but continued to serve the sentences arising out of the four April 2005 convictions.

On October 17, 2007, the defendant filed a petition pursuant to 28 U.S.C. Section 2254, alleging that he had received ineffective assistance of counsel in the proceedings involving the revocation of his suspended sentence.   The district court dismissed the habeas petition, holding that even though the defendant was still serving the four sentences imposed in April 2005, his burglary sentence had been discharged.   The Tenth Circuit granted the defendant's application for a certificate of appealability on the following question:   "Whether a prisoner who is still serving

7

the longer of two concurrent sentences, but has completed the term of the shorter sentence, is 'in custody' within the meaning of 28 U.S.C. § 2254 for the purpose of raising a constitutional challenge to the conviction underlying the shorter sentence." *Id.* at 1138. The Court answered that question in the negative, explaining that the Supreme Court in *Garlotte* expressively applied its holding to consecutive sentences, noting that no case decided since has "applied the 'continuous stream' theory of . . . *Garlotte* to an expired concurrent sentence," and emphasizing that the defendant suffered "no present restraint from the burglary conviction." *Id.* at 1140-41.

Undoubtedly, Plaintiff's entire case is based on the premise that the sentences on his 2005 and 2006 convictions were supposed to run concurrently. Because Plaintiff admittedly has completed both of those sentences, however, their allegedly concurrent nature is irrelevant to the issue of whether, as interpreted by *Mays*, the *Garlotte* "continuous stream" theory applies here. Rather, the only relevant question under *Mays* is whether the sentence Plaintiff is still serving in connection with his 2012 conviction for residential burglary was to run concurrently with the sentences that he served on his 2005 and 2006 convictions. As Plaintiff himself concedes, it was not. Accordingly, if, as Plaintiff contends, Defendants over-detained him by releasing him "to new charges pending" on the residential burglary offense on August 24, 2012 rather than on April 9, 2012, then his completed sentences on the 2005 and 2006 convictions do, in fact, continue to postpone Plaintiff's date of potential release. This is precisely the situation in which *Garlotte* applies.

In short, unlike the defendant in *Mays*, Plaintiff is no longer serving the longer of two concurrent sentences. *Mays* answered only the specific question of whether a prisoner who is still serving the longer of two concurrent sentences, but has completed the term of the shorter sentence, is 'in custody' for purposes of habeas relief. Because that specific question does not apply to

Plaintiff here, the holding in *Mays* is inapposite.   The decision in *Mays* thus provides no basis for the Court to reconsider its decision.

Next, Plaintiff argues that the Court misapprehended the meaning of NMSA 1978, Section 33-2-39, which provides:   "Whenever any convict shall have been committed under several convictions with separate sentences, they shall be construed as one continuous sentence for the full length of the sentences combined."   In support of his argument, Plaintiff cites *Deats v. State*, 503 P.2d 1183, 1185-86 (N.M. Ct. App. 1972), in which the New Mexico Court of Appeals held that, for purposes of determining parole, "sentences under separate commitments" are not to be treated as one continuous sentence.   In *State v. Davis*, 74 P.3d 1064, 1068-69 (N.M. 2003), however, the New Mexico Supreme Court limited the application of *Deats* "strictly to purposes of parole administration," and indicated that it "appl[ies] the literal meaning of Section 33-2-39 to the sentencing of inmates convicted of committing crimes while incarcerated."   *See also State v. Lopez*, 154 P.3d 668, 671 (N.M. 2007) (construing consecutive sentences imposed in two separate cases on the same day as one continuous sentence).   Accordingly, this Court's citation to Section 33-2-39 in the March 24, 2015 Opinion is in keeping with current New Mexico law.

Finally, Plaintiff appears to be challenging the Court's determination that Plaintiff has been in continuous custody from the time he completed the sentences on his 2005 and 2006 convictions. This challenge, however, finds no support in the evidence.   To the contrary, the evidence demonstrates that Plaintiff was in custody, either in a detention center, state correctional facility, or on parole,[1] since at least June 2009, almost three years before Plaintiff contends he should have been released in connection with the sentences on his 2005 and 2006 convictions (April 9, 2012).

---

[1] Notably, a prisoner is considered to be "in custody" for purposes of habeas relief while released on parole.   *See Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014).

Accordingly, the Court did not misapprehend the relevant facts.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to establish that the Court misapprehended the controlling law or the facts.   Accordingly, Plaintiff has provided no basis for the Court to reconsider the March 24, 2015 Opinion.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Reconsideration of the Court's Memorandum Opinion Granting Defendant's Motion for Summary Judgment [Doc. 112] is DENIED.

DATED this 16th day of July, 2015.


_____
MARTHA VAZQUEZ
United States District Judge

Attorneys for Plaintiff
Hans Peter Erickson
Frances Crockett Carpenter

Attorney for Defendants N.M. Corrs. Dep't, Dorman & Archuleta
Mark D. Standridge

Attorney for Defendants Chavez & Bravo
Patrick D. Allen